IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re:

Deborah Joann Ulmer and Isaiah Ulmer,

Debtors.

C/A No. 05-45096-W

Chapter 13

## ORDER VACATING RELIEF FROM THE AUTOMATIC STAY AND CONTINUING RULE TO SHOW CAUSE

This matter comes before the Court on a Rule to Show Cause ("Rule") entered November 14, 2006 requiring attorneys Rebecca Goldberg Shiver ("Shiver") and Jason Branham ("Branham") and their law firm of Butler & Hosch, P.A. to appear and show cause why the Court should not enter sanctions against them for their practices before this Court. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding by Fed. R. Civ. P. 52, the Court makes the following Findings of Fact and Conclusions of Law.[1]

### FINDINGS OF FACT

1.  Shiver and Branham are associates in and agents of the law firm of Butler & Hosch, P.A and appear to be the only counsel in the firm admitted to practice by the Supreme Court of South Carolina and the United States District Court for the District of South Carolina.

2.  Butler & Hosch, P.A. is a law firm with offices in several states including South Carolina and Florida, which appears to engage primarily in the representation of creditors.

3.  Shiver and Branham practice in the South Carolina office of Butler & Hosch, P.A. and their practice includes the representation of various creditor entities in this Court, usually associated with the filing of motions for relief from the automatic stay. The paralegal for

---

[1] To the extent any of the Findings of Fact constitute Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law constitute Findings of Fact, they are so adopted.

the law firm, who is the primary assistant in bankruptcy matters arising in this District, is apparently located in the State of Florida.

4. Shiver has been authorized by this Court to file pleadings electronically pursuant to Operating Order 06-02 through the issuance of an electronic password. Branham is not authorized to electronically file pleadings with this Court.

5. On July 18, 2006, Shiver filed a motion for relief from the automatic stay on behalf of EMC Mortgage Corporation ("EMC").

6. On August 7, 2006, Shiver filed an affidavit of default with regard to the motion. The affidavit purports to be signed by Shiver in South Carolina before Julie Moore, a notary in Florida.

7. On August 9, 2006, the Court granted EMC's motion for relief from the automatic stay based upon Shiver's affidavit of default.

8. Debtors moved to reconsider the order granting EMC relief from stay on September 25, 2006 on grounds that the stay was lifted in error because EMC and Shiver did not honor an agreement Debtors reached with EMC prior to the lifting of the automatic stay.

9. A settlement order of Debtors' motion to reconsider, which purports to vacate the prior order lifting the automatic stay, was signed and submitted by Branham. The settlement order does not comply with SC LBR 4001-1(a)(14) as it does not indicate cause under Fed. R. Civ. P. 60(b) to reconsider the order granting relief from the automatic stay.[2]

10. Upon further examination of the records in this case, the Court became aware that the affidavit of default did not appear to be properly executed.

11. On November 14, 2006, the Court issued the Rule to Shiver and Branham, individually and as agents of Butler & Hosch, P.A., based upon the affidavit submitted by Shiver

---

[2] Butler & Hosch, P.A. has not submitted a corrected order after being notified of this error by chambers and at a hearing on November 28, 2006.

2

and Butler & Hosch, P.A. in this case. The Rule ordered Shiver and Branham to appear in their capacity with Butler & Hosch, P.A. on November 28, 2006 at 9:00 a.m. to show cause why sanctions should not be imposed upon them and the law firm of Butler & Hosch, P.A. based upon their improper use of affidavits before this Court. The Rule was served on Shiver and Branham at the South Carolina office of Butler & Hosch, P.A.[3]

12.     Shiver and Branham did not appear at the hearing as ordered on November 28, 2006. The Court contacted Shiver after the scheduled hearing on the Rule and provided Shiver and Branham with an additional opportunity to appear later on November 28, 2006.

13.     Shiver and Branham appeared at a later hearing and admitted: 1) they did not always read documents bearing their signatures that were filed with the Court, relying on paralegals or other firm support, 2) affidavits submitted to this Court were not always executed in person before a notary as purported in the documents and some purported affidavits may not have been reviewed and actually signed by the attorney purported to have signed the paper; and 3) the attorneys, despite having support staff in South Carolina, did not have an adequate system for observing and being notified of hearings requiring their attendance before the Court. Shiver and Branham offered certain remedial steps to bring their practice up to standards.

14.     Shiver has previous failed to appear on behalf of her clients on several motions that were scheduled before this Court. See e.g., In re Hughes, C/A No. 05-45048 (Shiver failed to appear on November 20, 2006 to prosecute her motion on behalf of EMC Mortgage Corporation to vacate an order granting relief from the automatic stay despite being notified by the clerk's office on November 17, 2006 that she would need to appear to prosecute the motion); In re Jones, C/A No. 06-02363 (Shiver failed to appear on November 28, 2006 to prosecute a

---

[3]     Although initially denying the receipt of the Rule, Shiver and Branham verified that the Rule was served by mail to their correct address and that they did not maintain a sufficient calendaring system for observing bankruptcy court hearings. Chambers was also advised by Shiver when it called her on November 28, 2006 that she was aware of the Rule.

3

motion for relief from the automatic stay for Chase Home Finance, LLC); In re Wilson, C/A No. 06-4378 (Shiver failed to appear on November 6, 2006 and November 14, 2006 to prosecute a motion for relief from the automatic stay for Wilshire Credit Corporation).

## CONCLUSIONS OF LAW

Fed. R. Bankr. P. 9011(a) requires, when a party is represented by an attorney, that every pleading and motion submitted to this Court be signed by an attorney. Operating Order 06-02(VI)(A), which has the effect of a local rule pursuant to SC LBR 9029-1, provides that an attorney may submit an electronic signature on documents filed with this Court. Attorneys are required to maintain the original pleadings they file with this Court, which contain the attorney's original signature, for a number of years after a case is either closed or dismissed. See Operating Order 06(VI)(D). Pursuant to Fed. R. Bankr. P. 9011(b) an attorney warrants by his signature, including an electronic signature, to the best of his knowledge, information, and belief, that the claims presented in the pleadings and other papers he submits are warranted by existing law, that there is evidentiary support for the factual contentions, and that the document is not being submitted for an improper purpose. If Fed. R. Bankr. P. 9011(b) is violated, Fed. R. Bankr. P. 9011(c)(1)(B) provides this Court with the authority to order the offending attorney and law firm to appear and show cause why they should not be sanctioned. The Court may also strike documents filed in violation of Fed. R. Bankr. P. 9011(a). 11 U.S.C. § 105 also provides this Court with the inherent authority to regulate litigants that appear before it and to address improper conduct. See In re Henderson, C/A No. No. 05-14925-jw, slip op. at 8-9 (Bankr. D.S.C. Oct. 4, 2006) (discussing the authority of this Court to regulate attorneys to the exclusion of the state court system).

Problematic for Shiver and Butler & Hosch, P.A. is that Shiver, candidly, could not attest that she has seen or signed any of the documents submitted to the Court in this case or in the

4

numerous other cases in which she has submitted affidavits, motions, and other pleadings.[4] By failing to review and sign the documents submitted to this Court, Shiver has violated Rule 9011(a) and (b). Evident from the hearing on the Rule is that Butler & Hosch, P.A. has perpetuated this violation by its use of paralegals who submitted documents in this case directly to the Court from remote locations containing Shiver's electronic signature that had not been reviewed or personally signed and approved by Shiver or any attorney licensed to practice before this Court. This case is just one example of this practice. Though Butler & Hosch, P.A.'s clients may have grounds for relief from stay in this case, the submission of a motion and an affidavit that have not been reviewed or signed by the signing attorney violates Operating Order 06-02 and Fed. R. Bankr. P. 9011(a) and (b), as Shiver could have no knowledge of whether these documents had merit because she cannot attest that she has even seen the documents, much less reviewed the underlying facts and law upon which they are based. See In re Rivera, 342 B.R. 435 (Bankr. D.N.J. 2006) (finding that an attorney violates Fed. R. Bankr. P. 9011(b) by presenting a certification to the court which was not signed as indicated in the certification, regardless of whether the facts contained in the certification are accurate or whether the certification has been reviewed by a party with knowledge). Additionally, Branham, though he signed the proposed settlement order for EMC proposing to reinstate the automatic stay, also admitted to having no knowledge as to whether the document was supported by existing facts and law.

Equally troubling is the use of notaries by Shiver and Butler & Hosch, P.A. In this case, Shiver's purported signature in South Carolina was notarized by a notary in Florida. Reviewing affidavits filed by Shiver and Butler & Hosch, P.A. in other cases indicates a

---

[4] Court: "Are you signing these documents or are they signing for you?"
Shiver: "I don't want to stand here and swear to you that I signed this document and all documents.... I cannot swear to that."

similar practice of submitting affidavits from Shiver that purport to be personally witnessed by a notary in Florida. <u>See e.g.</u>, <u>In re Muller</u>, C/A No. 05-14881 (Shiver's affidavit of default was notarized by Julie Moore in Florida). In other cases, Shiver has filed documents purporting to be affidavits that contain no notarization. <u>See e.g.</u>, <u>In re McKenzie</u>, C/A No. 06-00877 Finally, Shiver has submitted affidavits in which the purported affiant does not match the party signing the document. <u>See</u> <u>In re Nesmith</u>, C/A No. 05-13688 (Shiver submitted a non-notarized affidavit of service where the affiant is Jacqueline Ocasio but the affidavit is signed by Shiver).

Florida law and South Carolina law each require notaries to personally witness the signature of the party signing the document. <u>See</u> S.C. Code Ann. § 26-1-95 (West 1991) (making it a crime for a notary to make a false certification); Fla. Stat. § 117.107(9) (making it a crime for a notary to notarize a document if the affiant is not in the presence of the notary). Attorneys in this State have been previously disbarred for engaging in a practice of allowing their employees to witness or notarize documents outside of the presence of the party that actually signed the document. <u>See e.g.</u>, <u>In re Lattimore</u>, 361 S.C. 126, 604 S.E.2d 369 (S.C. 2004) (disbarring an attorney who engaged in a practice of having his employees notarize documents where the employee did not personally witness the party signing the document); <u>In re Brown</u>, 361 S.C. 347, 605 S.E.2d 509 (S.C. 2004) (same). By presenting an affidavit signed in one jurisidcition and notarized in another jurisdiction Shiver and Butler & Hosch, P.A. have violated Fed. R. Bankr. P. 9011(b) by presenting a document which is not what it puports to be- a properly executed affidavit. <u>See</u> <u>Rivera</u>, 342 B.R. at 458-459. This conduct subjects the attorney and her law firm to sanctions pursuant to Fed. R. Bankr. P. 9011(c)(2). <u>See id.</u> at 464 (sanctioning a creditor law firm $125,000.00 for their repeated submissions of certifications that were not properly executed); <u>In re Porcheddu</u>, 338 B.R. 729 (Bankr. S.D. Tex. 2006)

6

(sanctioning a creditor law firm $65,000.00 for their practice of creating fee statements and presenting them to the court as contemporaneous business records).

Finally, Shiver and Branham, as agents of Butler & Hosch, P.A., have engaged in a practice of unreasonably and vexatiously multiplying the proceedings of this Court by their failure to appear as ordered in this case and to prosecute motions which they initiated in numerous other cases. Although this Court handles a large volume of proceedings, it prepares for such proceedings in advance. By failing to appear as ordered in this case and to prosecute motions initiated in other cases, Shiver and Branham have wasted the resources of the Court and the opposing parties. This Court has previously sanctioned attorneys who routinely fail to appear without cause. See In re Davis, C/A No. 03-09126-W, slip op. (Bankr. D.S.C. Nov. 20, 2003).

After the hearing on the Rule, Shiver and Branham faxed chambers a letter on December 1, 2006 indicating certain proposed changes in the practice of Butler & Hosch, P.A. Included in these changes was an assurance that all documents requiring an attorney's signature would be personally reviewed and signed by an attorney, that the originally signed documents would be retained, that the documents would be properly notarized, and that Butler & Hosch, P.A. would revise the way it calendared hearings before this Court. These changes, though encouraging, are the bare minimum needed to comply with applicable ethical rules and applicable law and raise concerns about the practice of these attorneys and Butler & Hosch, P.A. before these changes were implimented.

Pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1927, Fed. R. Bankr. P. 9011, Local Rule 83.IX.02 DSC, and SC LBR 9010-1(d), this Court has the duty and the authority to regulate the litigants that appear before it and to address improper conduct. See In re Weiss, 111 F.3d 1159 (1997). The practice of Butler & Hosch, P.A. and its agents in this case causes the Court great concern. In this case alone, there appears to be multiple violations of Fed. R. Bankr. P. 9011 and

the submission of affidavits that violate state law. Its agents have also unncessarily multiplied the proceedings of this Court through a repeated failure to appear at hearings. The potential volume of these violations could be significant considering the number of motions that Butler & Hosch, P.A. files in this Court and the deficienies already identified in other cases. The consequences of these improper practices are real- as indicated in this case. In reliance on the information provided by these attorneys, relief from stay was incorrectly granted, which often results in the suspension of further payments by the chapter 13 trustee and the alteration of distributions to creditors- each of which severely effects an innocent debtor. Based upon the forgoing, and without limitation to the ability of the Court to issue sanctions in this and other cases, it is;

ORDERED, pursuant to 11 U.S.C. § 105, Fed. R. Bankr. P. 9011, and the agreement of EMC and Debtors, the order entered August 9, 2006 granting EMC relief from the automatic stay is vacated pursuant to Fed. R. Bankr. P. 60(b). The Court strikes EMC's motion for relief from the automatic stay filed on July 18, 2006 and affidavit of default filed on August 7, 2006 as these documents were not signed by an attorney in accordance with Fed. R. Bankr. P. 9011(a) nor based upon an attorney's information or belief that the motion and affidavit were supported legally and factually.

ORDERED, based upon their improper use of affidavits in this Court, that neither Shiver, Branham, nor Butler & Hosch, P.A. or its agents may submit further affidavits to this Court unless reviewed and signed by a South Carolina attorney before a notary in South Carolina. All future affidavits and proposed orders shall be considered by the assigned bankruptcy judge after notice of this Order. Shiver and Butler & Hosch, P.A. shall ensure that the name of "Butler & Hosch, P.A." is prominently and conspicuously displayed on the judge's signature page or on the last page of all further proposed orders or settlement orders submitted to this Court in which

Shiver, Branham, or Butler & Hosch, P.A. represents a party to the order so that the order may easily be identified by the assigned judge as one in which Butler & Hosch, P.A. represents a party to the order.

ORDERED that the Rule is continued until December 19, 2006 at 10:00 a.m. All aspects of the Rule remain in effect and Shiver and Branham, individually and as agents representing Butler & Hosch, P.A., shall appear and the Court shall consider whether sanctions should be imposed in this and other cases in which Shiver, Branham, or Butler & Hosch, P.A. submitted affidavits, certifications, motions, or other pleadings. Sanctions include, but are not limited to, monetary sanctions and suspension to practice before this Court.

ORDERED that on or before December 15, 2006, Butler & Hosch, P.A. and Shiver shall file with the Court a list identifying all presently open bankruptcy cases or proceedings within this District in which Shiver, Branham, or any other current or former agent of the law firm of Butler & Hosch, P.A. has submitted any affidavit, certification, motion, or other pleading, which

- A.  was not personally and contemporaneously reviewed and signed by the party purportedly signing the document; and/or,
- B.  for affidavits, was not notarized or was signed in one jurisdiction and notarized in another jurisdiction or was signed by a party that was not the affiant; and/or
- C.  are otherwise deficient under Fed. R. Bankr. P. 9011(a) or (b).

This list of cases shall be filed by Shiver and Butler & Hosch, P.A. in this case, shall be certified under penalty of perjury by Shiver or another attorney licensed to practice before this Court with the law firm of Butler & Hosch, P.A. that the list is complete and accurate, and shall identify the bankruptcy case number, the name and docket number of the document which meets one or more of the above criteria, the date the document was filed, and shall specify how the

document meets one or more of the above criteria.[5] Shiver and Butler & Hosch, P.A. shall serve a copy of this list, with a copy of this Order, on the United States Trustee on or before December 15, 2006. For all documents identified by Shiver and Butler & Hosch, P.A. as meeting the foregoing criteria, they shall produce the original copy of the applicable documents to the Court at the hearing on this matter on December 19, 2006 pursuant to Operating Order 06-02(VI)(D).

ORDERED that a copy of this Order shall be served by the Clerk of Court on Debtors, Debtors' counsel, EMC, the United States Trustee, Shiver, Branham, and Butler & Hosch, P.A. The Clerk of Court shall also fax a copy of this Order to Shiver and Branham to allow for timely compliance.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 5, 2006

---

[5] The Court may require Shiver and Butler & Hosch, P.A. to produce to it the original copies of documents filed in other cases, which are not identified by Shiver and Butler & Hosch, P.A. as meeting these categories pursuant to Operating Order 06-02(VI)(D).