## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

*FILED*

*O'clock & ....min....*

*JAN 23 2007*

United States Bankruptcy Court
Columbia, South Carolina (11)

In re:

**ENTERED**

JAN 2 5 2007

**K. E. P.**

Deborah Joann Ulmer and Isaiah Ulmer,

Debtors.

C/A No. 05-45096-W

Chapter 13

**ORDER**

This matter comes before the Court on a Rule to Show Cause ("Rule") entered November 14,

2006 requiring attorneys Rebecca Goldberg Shiver ("Shiver") and Jason Branham ("Branham") and

their law firm of Butler & Hosch, P.A. to appear and show cause why the Court should not enter

sanctions against them for their practices before this Court. The Court has jurisdiction over this

matter pursuant to 28 U.S.C. § 1334. Pursuant to Fed. R. Civ. P. 52, made applicable to this

proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and

Conclusions of Law.[1]

### FINDINGS OF FACT

1.     Shiver and Branham[2] are associates in and agents of the law firm of Butler & Hosch,

P.A and appear to be the only counsel in the firm admitted to practice by the Supreme Court of South

Carolina and the United States District Court for the District of South Carolina.

2.     Butler & Hosch, P.A. is a law firm with offices in several states including South

Carolina and Florida and it appears to engage primarily in the representation of creditors. Their

---

[1]     To the extent any of the Findings of Fact constitute Conclusions of Law, they are adopted as such. To the
extent any of the Conclusions of Law constitute Findings of Fact, they are so adopted. The Court also incorporates
herein the Findings of Fact and Conclusions of Law set forth in the December 5, 2006 order in this matter.

[2]     Branham's role in this case is relatively minor. As set forth in the Initial Order, Branham signed a proposed
order in this case that did not comply with this Court's local rules.

practice includes the representation of various creditor entities before this Court, usually associated

with the filing of motions for relief from the automatic stay.

3.      Shiver and Branham practice in the South Carolina office of Butler & Hosch, P.A.

and are the only attorneys in the South Carolina office.  Attorneys responsible for supervising Shiver

and Branham appear to be located in other jurisdictions.  The paralegal for the law firm, who is the

primary assistant in bankruptcy matters arising in this District, appears to be located in the State of

Florida.

4.      Since 2004, Shiver has been authorized by this Court to file pleadings electronically

pursuant to Operating Order 06-02 through the issuance of an electronic password.

5.      On July 18, 2006, Shiver filed a motion in this case for relief from the automatic stay

on behalf of EMC Mortgage Corporation ("EMC").

6.      On August 7, 2006, Shiver filed an affidavit of default with regard to the motion.  The

affidavit purports to be signed by Shiver in South Carolina[3] before Julie Moore, a notary in Florida.

7.      On August 9, 2006, the Court granted EMC's motion for relief from the automatic

stay based upon Shiver's affidavit of default.

8.      Debtors moved to reconsider the order granting EMC relief from stay on September

25, 2006 on grounds that the stay was lifted in error because EMC and Shiver did not honor an

agreement Debtors reached with EMC prior to the lifting of the automatic stay.  As a result, the

automatic stay was reinstated pursuant to a subsequent order of the Court.

9.      Upon further examination of the records in this case, the Court became aware that the

affidavit of default, purportedly executed by Shiver, did not appear to be properly executed.

---

[3]      Shiver signed the affidavit electronically as "s/ Rebecca Godbold Shiver."  Other documents submitted by
Shiver were similarly signed.

10.    On November 14, 2006, the Court issued the Rule to Shiver and Branham, individually and as agents of Butler & Hosch, P.A., based upon the affidavit submitted by Shiver and Butler & Hosch, P.A. in this case. The Rule ordered Shiver and Branham to appear in their capacity with Butler & Hosch, P.A. on November 28, 2006 at 9:00 a.m. to show cause why sanctions should not be imposed upon them and the law firm of Butler & Hosch, P.A. based upon their improper use of affidavits before this Court. The Rule was served on Shiver and Branham at the South Carolina office of Butler & Hosch, P.A.[4]

11.    Shiver and Branham did not appear at the hearing as ordered on November 28, 2006. The Court contacted Shiver after the scheduled hearing on the Rule and provided Shiver and Branham with an additional opportunity to appear later on November 28, 2006.

12.    Shiver and Branham appeared at a later hearing and admitted: 1) they did not always read documents bearing their signatures that were filed with the Court, relying on paralegals or other firm support, 2) affidavits submitted to this Court were not always executed in person before a notary as purported in the documents and some purported affidavits may not have been reviewed and actually signed by the attorney purported to have signed the paper; and 3) the attorneys, despite having support staff in South Carolina, did not have an adequate system for observing and being notified of hearings requiring their attendance before the Court.

13.    Shiver and Branham offered certain remedial steps to bring their practice up to standards. Shiver has previous failed to appear on behalf of her clients on several motions that were scheduled before this Court. See e.g., In re Hughes, C/A No. 05-45048 (Shiver failed to appear on November 20, 2006 to prosecute her motion on behalf of EMC Mortgage Corporation to vacate an

---

[4]    Although initially denying the receipt of the Rule, Shiver and Branham verified that the Rule was served by mail to their correct address and that they did not maintain a sufficient calendaring system for observing bankruptcy

order granting relief from the automatic stay despite being notified by the clerk's office on November 17, 2006 that she would need to appear to prosecute the motion); In re Jones, C/A No. 06-02363 (Shiver failed to appear on November 28, 2006 to prosecute a motion for relief from the automatic stay for Chase Home Finance, LLC); In re Wilson, C/A No. 06-4378 (Shiver failed to appear on November 6, 2006 and November 14, 2006 to prosecute a motion for relief from the automatic stay for Wilshire Credit Corporation).

14.     At the first hearing on the Rule, the Court brought to Shiver's attention her failure to attend several hearings.  Shiver provided oral and written assurances that she would implement procedures to observe hearing times; however, Shiver subsequently missed another hearing, resulting in the denial of her client's motion with prejudice.  See In re Schwartz, 03-01311-D, slip op. (Bankr. D.S.C. Dec. 18, 2006).

15.     On December 5, 2006, the Court entered an initial order on the Rule ("Initial Order"). The Initial Order vacated the order granting EMC stay relief, placed various requirements on Shiver's and Butler & Hosch, P.A's use of affidavits and proposed orders, found that Shiver and Butler & Hosch, P.A. violated Fed. Bankr. R. 9011, ordered Shiver and Butler & Hosch, P.A. to identify all pending cases in which Fed. R. Bankr. P. 9011 was violated by their practices identified in the Initial Order, produce the original copy of all documents identified as violating Fed. R. Bankr. P. 9011, and continued the hearing on the Rule until December 19, 2006 so that the Court may consider the scope of the parties violation of Fed. Bankr. R. 9011.[5]

16.     Pursuant to the Initial Order, Shiver and Butler & Hosch, P.A. filed a list of cases on December 15, 2006 identifying 67 cases in which she or Butler & Hosch, P.A. violated Fed. R.

court hearings.  Chambers was also advised by Shiver when it called her on November 28, 2006 that she was aware of the Rule.

[5]     The Findings of Fact and Conclusions of Law in the Initial Order are incorporated herein.

Bankr. P. 9011 either through the improper use of affidavits or the submission of pleadings that were not personally reviewed and signed by Shiver.

17.    A second hearing on the Rule was had on December 19, 2006. James DeLoach, a managing attorney for Butler & Hosch, P.A. from the firm's Texas office, appeared at the second hearing on the Rule. DeLoach provided oral assurances to the Court that Butler & Hosch, P.A. was committed to correcting the problems identified and providing necessary support for Shiver and Branham. The Court took under advisement the issue of sanctions but ordered Shiver and Butler & Hosch, P.A. to produce to the Court, until further order, a weekly report of documents that they submit to the Court.

## CONCLUSIONS OF LAW

### I.    Authority of the Court to Sanction Shiver and Butler & Hosch, P.A.

Pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1927, Fed. R. Bankr. P. 9011, Local Rule 83.IX.02 DSC, and SC LBR 9010-1(d), this Court has the duty and the authority to regulate the litigants that appear before it and to address improper conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the inherent authority of courts to regulate litigants); In re Weiss, 111 F.3d 1159 (1997). "Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." In re Clark, 223 F.3d 859, 864 (8th Cir. 2000) (citing In re Volpert, 110 F.3d 494, 500 (7th Cir. 1997) and Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996)). See also In re Walters, 868 F.2d 665, 669 (4th Cir.1989) (recognizing Bankruptcy Code § 105(a) as empowering bankruptcy courts to hold parties or attorneys in civil contempt); Jones v. Bank of Santa Fe ( In re Courtesy Inns Ltd., Inc.), 40 F.3d 1084, 1089 (10th Cir. 1994). A court may rely on its inherent power as a sanctioning tool in

instances where statutes or rules prove inadequate to remedy misconduct. See In re Deville, 361

F.3d 539, 551 (9th Cir. 2004) (citing Chambers, 501 U.S. at 49-50).

Fed. R. Bankr. P. 9011(c) also permits the Court to *sua sponte* enter an order directing an

attorney or law firm to show cause why it has not violated Fed. R. Bankr. P. 9011(b) and, when

appropriate, sanction the attorney and the law firm. This authority to sanction extends to out-of-state

partners of multi-state firms. See In re Rivera, 342 B.R. 435, 465-466 (Bankr. D.N.J. 2006)

(declining to sanction out-of-state partners for their failure to establish sufficient quality controls at

their New Jersey office based upon the amount of the sanction previously assessed). The fact that

the information contained in documents bearing Shiver's signature may have been accurate is not a

defense to a Fed. R. Bankr. P. 9011 sanction. See id. at 462-463. Also, the Court does not need to

make a finding of bad faith or nefarious intent to sanction a party under Fed. R. Bankr. P. 9011. See

id. at 460 (citing Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551, 111

S.Ct. 922, 112 L.Ed.2d 1140 (1991)).

## II.    Activities Violating Fed. Bankr. R. 9011

## A.    Submission of Improperly Executed Affidavits

An "affidavit" is "a voluntary declaration of facts written down and sworn to by the declarant

before an officer authorized to administer oaths." BLACK'S LAW DICTIONARY 58 (7th ed. 1999). In

South Carolina, notaries appointed within this state are authorized to administer oaths. See S.C.

Code Ann. § 26-1-90 (West 1991). In this case and in numerous other cases identified by Butler &

Hosch, P.A., Shiver submitted affidavits purportedly signed by her in South Carolina before notary

Julie Moore. There is no evidence that Julie Moore is a South Carolina notary or that she personally

witnessed Shiver's signature, as stated on the affidavits submitted by Shiver. Rather it appears that

Julie Moore is located in Florida and is a Florida notary, making the notarization invalid. See id.

§ 26-1-80 (stating that South Carolina notaries may only notarize documents within South Carolina).

It also appears that Julie Moore notarized the affidavits without witnessing Shiver sign the affidavits.

Such un-witnessed notarizations are also illegal under South Carolina and Florida law and subject

the offending notary to fines and imprisonment. See id. § 26-1-95 (making it a crime for a notary to

make a false certification); Fla. Stat. § 117.107(9) (making it a crime for a notary to notarize a

document if the affiant is not in the presence of the notary notwithstanding that the notary had no

intent to defraud). In other cases, Shiver and Butler & Hosch, P.A. submitted documents purporting

to be affidavits that were not notarized. The submission of these affidavits violates Fed. R. Bankr. P.

9011(b). See Rivera, 342 B.R. at 463-465 (Bankr. D.N.J. 2006) (finding that an attorney and law

firm violate Fed. R. Bankr. P. 9011(b) by presenting to the court documents purporting to be

certifications that were not in fact certifications because they were not properly executed); In re

Wenk, 296 B.R. 719 (Bankr. E.D. Va. 2002) (finding that an attorney violated Fed. Bankr. R. 9011

by submitting a document containing a debtor's electronic signature where the debtor did not actually

sign the document and discussing the various ethical rules violated when a document is presented to

the court that is not signed as the document purports); See Operating Order 06(VI)(A) (making Fed.

R. Bankr. P. 9011 applicable to electronically signed documents).

**B.      Submission of Documents Not Reviewed and Signed**

With regard to the motions and affidavits bearing Shiver's signature in this and other cases,

Shiver cannot not attest that she has seen or signed any document submitted to the Court.[6] Attorneys

that delegate signatory authority to non-lawyer staff do so at their peril. See O'Connell v. Mann (In re

Davila), 210 B.R. 727 (Bankr. S.D. Tex. 1996) (disgorging fees in 155 cases and suspending an

---

[6]      Court:   "Are you signing these documents or are they signing for you?"
         Shiver:   "I don't want to stand here and swear to you that I signed this document and all documents.... I cannot
swear to that."

attorney for allowing non-lawyer staff to submit improperly executed documents to the court);
Geibank Indus. Bank v. Martin, (In re Martin), 97 B.R. 1013 (Bankr. N.D. Ga. 1989) (finding an
attorney assists in the unauthorized practice of law by giving blanket delegation to a non-lawyer to
sign and file documents on his behalf). As discussed in Brock, an electronic signature is a
representation to the Court that the document has been actually signed. In re Brock, C/A No. 04-
08646-W, slip op. at 5 (Bankr. D.S.C. Oct. 13, 2004).  By failing to review and sign the documents
submitted to this Court and that bear her signature, Shiver violated Rule 9011(a) and (b).  See
Rivera, 342 B.R. at 463; In re Farnsworth, C/A No. 05-08679-W, slip op. at 4 (Bankr. D.S.C. Jan. 3,
2007) (suspending an attorney who, on multiple occasions, submitted documents to the court that
were not properly executed).

It is evident from the hearing on the Rule that Butler & Hosch, P.A. bears responsibility for
these violations.  See In re Allen, C/A No. 06-60121, slip op. at 7 (Bankr. S.D. Tex. Jan. 9, 2007)
(finding that the law firm of Barrett Burke violated Fed. R. Bankr. 9011 in a practice of submitting
computer generated pleadings not properly reviewed or signed by an attorney); Rivera, 342 B.R. at
463 (finding it appropriate to sanction a law firm for repeated violations of Fed. R. Bankr. P. 9011 by
its attorney).  The Court is convinced from the first hearing on the Rule that Butler & Hosch, P.A.
used paralegals in Florida to manage its pleadings in South Carolina and submit documents to the
Court containing Shiver's electronic signature that had not been reviewed or personally signed and
approved of by Shiver or any attorney licensed to practice before this Court.[7]  This practice of
submitting documents containing an electronic signature of a party that has not actually reviewed and
signed the documents is not proper.  See In re Tomunaga, C/A No. 04-13933-W, slip op. (Bankr.
D.S.C. Mar. 16, 2005) (suspending an attorney for 18 months for submitting to the Court documents

---

[7]    This finding was made in the Initial Order and was not contested by Butler & Hosch, P.A. at the second

bearing a debtor's electronic signature that had not been reviewed and signed by the debtor); In re Brock, slip op. at 7 (same).

Shiver and Butler & Hosch, P.A. identified pleadings in numerous other cases that were not reviewed or signed by Shiver. Like the creditor law firm of Barrett Burke in the Allen case, Butler & Hosch, P.A. appears to be heavily reliant on computer-generated documents that have little or no oversight by the responsible attorney. For instance, Shiver's affidavit of default in this case contains numerous empty fields for data. The affidavit in support of the motion for relief from the automatic stay also appears to be a "redline" version of a form affidavit and it contains instructions for the party completing it to change certain fields. Affidavits in other cases contain similar errors and omissions. See e.g., In re Parler, C/A No. 05-45235-B (Shiver's affidavit contains an empty data field and an instruction to enter the date the debtor defaulted on payments); In re Patterson, C/A No. 04-02824 (Shiver's affidavit contains numerous empty data fields). The numerous cases identified by Butler & Hosch, P.A. as violating Fed. R. Bankr. P. 9011 indicate a systemic indifference to the requirements of the rule through its lack of oversight and review. See Rivera, 342 B.R. at 463-464; Allen, slip op. at 7.

## III.   Activities Violating 28 U.S.C. § 1927

Shiver, as an agent of Butler & Hosch, P.A., has engaged in a practice of unreasonably and vexatiously multiplying the proceedings of this Court by her failure to appear as ordered in this case and to prosecute motions which she initiated in numerous other cases. Although this Court handles a large volume of proceedings, it prepares for such proceedings in advance. By failing to appear as ordered in this case and to prosecute motions initiated in other cases, Shiver has wasted the resources of the Court and the opposing parties. This Court has previously sanctioned attorneys who routinely

hearing on the Rule.

fail to appear without cause. See In re Davis, C/A No. 03-09126-W, slip op. (Bankr. D.S.C. Nov. 20,

2003). The routine failure to appear for matters before this Court violates 28 U.S.C. § 1927 and

subjects Shiver and Butler & Hosch, P.A. to sanctions.

## IV.    Sanctions

Fed. R. Bankr. P. 9011(c) instructs that a sanction for violating Fed. R. Bankr. P. 9011(b)

should be limited to what is sufficient to deter repetition of such conduct or comparable conduct by

others similarly situated. See Anderson v. Beatrice Foods Co., 900 F.2d 388, 395 (1st Cir. 1990)

(noting that the rules "place virtually no limits on judicial creativity" in fashioning a Rule 11 sanction

so long as the sanction is appropriate). The Fourth Circuit has adopted a similar standard for

sanctions under § 105(a). See In re A.H. Robbins Co., Inc., 133 F.3d 913, 1998 WL 7929 (4th Cir.

1998) (unpublished) (finding the amount of the sanction should be limited to an amount that is

necessary and appropriate to either compensate the injured party, deter the conduct, or punish the

offender). The goal of Fed. Bankr. R. 9011(c) and this Court is to encourage attorneys and law firms

to reform deficient practices.

To determine sanctions for an attorney or law firm for the conduct identified herein on this

scale, the Court looks to decisions from other jurisdictions for guidance. See In re Porcheddu, 338

B.R. 729, 745 (Bankr. S.D. Tex 2006) (examining other cases to determine an appropriate sanction).

Although the case of Allen involves a similar lack of firm oversight, the Texas bankruptcy court has

not yet sanctioned Barrett Burke, carrying over the matter of sanctions until March. See Allen, slip

op. at 8. However, Barrett Burke was sanctioned $65,000.00 in Porcheddu for systematically

misleading the bankruptcy court through the submission of fee statements that were presented to the

court as contemporaneous time records. See Porcheddu, 338 B.R. at 746. In assessing the sanction,

the court considered the volume of the firm's filings and mitigating factors such as reputational

damage to the firm and absence of similar conduct. See id. at 745-746. Similarly, the bankruptcy court in Rivera sanctioned a creditor law firm $125,000.00 for presenting certifications to the court that were not properly executed. See Rivera, 342 B.R. at 464 (sanctioning the law firm $500.00 per violation).

This case is strikingly similar to Rivera in the nature of the infraction. In all, it appears that Shiver and Butler & Hosch, P.A. presented documents in at least 67 cases that were not properly executed or otherwise deficient under Fed. R. Bankr. P. 9011(b) because they were not reviewed by Shiver, the attesting attorney. The Court agrees with Rivera that the safeguards of this rule should not be relaxed in this new age of "e-ness" given the serious stakes at issue in a bankruptcy case. See id. at 441 ("From the court's perspective, the stay relief process involves a high volume of motions and applications, is fast paced, and is best managed by an electronic filing system which has come of age in bankruptcy. Yet, notwithstanding the volume, pace and electronic systemizing of stay relief motions and applications, this court must remain mindful of the serious stakes-most often it is the family homestead that is in jeopardy."). Like the cases of Porcheddu and Rivera, Butler & Hosch, P.A. has presented, on multiple occasions, documents that are not what they purport to be in order to obtain relief for its clients. On a smaller scale, this Court has sanctioned creditors $500.00 for prosecuting groundless motions for relief from the automatic stay. See In re Asbill, C/A No. 98-05819-W, slip op. (Bankr. D.S.C. Feb. 1, 1999) aff'd 3:99-0773-19 (D.S.C. Feb. 23, 2000); In re Woody, C/A No. 97-04702-W, slip op. (Bankr. D.S.C. Apr. 17, 2002). Though information the pleadings submitted by Shiver and Butler & Hosch, P.A. may be accurate, there is no substitute for the certification required by Fed. R. Bankr. P. 9011(b) and the pleadings, though perhaps not groundless, nevertheless violate Fed. R. Bankr. P. 9011(b) and subject Shiver and Butler & Hosch, P.A. to sanctions. See Rivera, 342 B.R. at 464.

11

Based upon the foregoing, the Court finds that Butler & Hosch, P.A. should be sanctioned $500.00 per case for the infractions described herein. The Court finds that this sanction is appropriate under Fed. R. Bankr. P. 9011(c) to deter the firm's use of improper affidavits and pleadings that have not been properly reviewed and signed. This sanction is also appropriate under § 105(a) and this Court's inherent authority to regulate litigants to address improper conduct. In addition, the Court finds that Shiver should be sanction $500.00 for her failure to appear at the initial hearing on the Rule pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1927, and this Court's inherent authority to regulate litigants and address improper conduct.

Notwithstanding the foregoing, the Court believes that a portion of sanction should be suspended based upon certain mitigating factors present in this case. Unlike the attorney in the Rivera case, Shiver has only been licensed to practice before this Court for three years. It appears that she was the most senior attorney in the firm's South Carolina office and was not receiving proper supervision from the law firm's managing attorneys. Undoubtedly, Butler & Hosch, P.A. has suffered some reputational damage as a result of this proceeding and it would appear appropriate for Shiver and Butler & Hosch, P.A. to self report their use of improperly executed affidavits to the appropriate authorities in South Carolina and Florida, which may result in further sanctions for these parties and their staff. Finally, the Court is encouraged by James DeLoach's acknowledgment of mistakes and assurances on the record that the firm was committed to correcting these errors. Unlike the law firm in Rivera and Barrett Burke in Allen, it appears that Butler & Hosch, P.A. is taking responsibility for its mistakes and reforming its practice as evidenced by the firm's most recent filings with this Court.[8] Therefore, the Court suspends $20,000.00 of the sanction imposed herein resulting in a judgment against Butler & Hosch, P.A. in the amount of $13,500.00; however, the

---

[8]    Pursuant to the oral ruling on December 19, 2006, Butler & Hosch, P.A. has submitted weekly reports to

Court reserves jurisdiction to order that Butler & Hosch, P.A. pay the suspended portion of the sanction. The suspended portion of this sanction shall be immediately due as a sanction to the Bankruptcy Clerk of Court upon any future finding by this Court that Butler & Hosch, P.A. or its agents have violated Fed. R. Bankr. P. 9011 in any other cases filed within this District, other than the violations identified in the 67 cases that are the subject of this Order. Therefore, it is

ORDERED Rebecca Godbold Shiver is sanctioned $500.00 pursuant to 11 U.S.C. § 105(a); 28 U.S.C. § 1927, and this Court's inherent power to regulate litigants.

ORDERED Butler & Hosch, P.A. is sanctioned $33,500.00 pursuant to Fed. R. Bankr. P. 9011(c), 11 U.S.C. § 105(a), and this Court's inherent authority to regulate litigants. Of this sanction, $20,000.00 is suspended pursuant to the terms of this Order.

ORDERED that the sanctions imposed herein shall be paid within ten (10) days from the entry of this Order to either the South Carolina Pro Bono Association, the South Carolina Centers for Equal Justice, or the Bankruptcy Clerk of Court for the District of South Carolina. This payment is in the nature of a sanction and may not be used by Shiver or Butler & Hosch, P.A. or its agents to reduce their taxable income. Shiver and Butler & Hosch, P.A. shall provide a copy of this Order with the payment of their sanction to the recipient of the sanction so that the recipient is aware that the funds received are not in the nature of a charitable contribution. Shiver and Butler & Hosch, P.A. shall file a certification of compliance within fifteen (15) days from the entry of this Order.

---

the Court of its filings within this District. The Court has reviewed these filings as a measure of quality control.

ORDERED that Butler & Hosch, P.A. shall be relieved of its obligation to file weekly reports with this Court effective March 2, 2007.

The sanctions imposed herein survive the dismissal or the closing of this bankruptcy case.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
January 23, 2007